UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN GRANT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV01395 ERW |
| | ) | |
| DONALD BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Donald Brown, Robert Guinn, John Finder, John Hopkin and Brian Jennewein's[1] Motion to Dismiss Plaintiffs' First Amended Complaint [ECF No. 13].

### I. BACKGROUND

The Court accepts as true the following well-pleaded facts in Plaintiffs Brian Grant, David Gillick, John J. Smith, Michael Heitkamp, Jr., and Richard Frish's[2] Petition for Appointment of Arbitrator [ECF No. 1]. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010). On June 24, 2014, a meeting of the Trustees of the Pension Fund for Bricklayers Local 1 was held. At the meeting, a motion was made to amend the Pension Plan to provide benefits as set forth in the sample amendment to the Summary Plan Description distributed to the trustees. A vote was held and all of the Employer Trustees voted in favor of the proposed amendment while all Union Trustees voted against the amendment. Section 16 of the Trust provides for binding arbitration in the event of a deadlock between Union

---

[1] Defendants are Union Trustees of the Bricklayers Local 1 Pension Fund and hereinafter shall be referred to as "Defendants."
[2] Plaintiffs are Employer Trustees of the Bricklayers Local 1 Pension Fund and hereinafter shall be referred to as "Plaintiffs."

and Employer Trustees.

On June 25, 2014, Brian Grant, an Employer Trustee, emailed a list of three arbitrators to Don Brown, Chairman of the Board, and all Union Trustees. Plaintiffs received no response as to the selection of an arbitrator. Consequently, Plaintiffs brought this Petition for Appointment of Arbitrator. Plaintiffs request the Court appoint an arbitrator to break the deadlock pursuant to the Trust terms. Defendants now move to dismiss Plaintiffs' Petition pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.     STANDARD

Under FRCP 12(b)(1), a party may move to dismiss a claim for "lack of subject-matter jurisdiction." The first step is determining if the 12(b)(1) motion is a facial or factual attack. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). A facial attack is a motion attacking the complaint on its face while a factual attack is based on the existence of subject matter jurisdiction apart from any pleadings. *Id*. at 729 n. 6. Defendants have made a facial attack, thus the Court will only look at the pleadings and apply the same standard and protections as if this was a Rule 12(b)(6) motion. *Id*.

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

### III. DISCUSSION

Defendants argue the Court should dismiss Plaintiffs' Petition for Appointment of Arbitrator because the matter is not ripe for adjudication [ECF No. 13-1]. Defendants contend Plaintiffs never submitted a final form amendment to the Board of Trustees for consideration. According to Defendants, a sample amendment was provided for the Summary Plan Description, not the Plan itself. Defendants state Plaintiffs must be required to provide a proposed plan amendment with exact wording before the Board of Trustees can make an informed decision and the issue can go to arbitration.

Plaintiffs argue any procedural issues, such as ripeness, must be decided by the arbitrator [ECF No. 17]. Plaintiffs contend if a matter is within the scope of arbitration, then arbitration should be ordered and all other decisions should be made by the arbitrator. Further, Plaintiffs state any issues of insufficient information prior to the vote and whether the amendment was submitted properly regard the merits of the matter and are for the arbitrator to decide. Alternatively, Plaintiffs assert the matter is ripe for adjudication because further development of the facts will not advance the Court's ability to deal with the issues presented.

For a federal court to address an issue, there must exist "a real, substantial controversy between parties having adverse legal interest, a dispute definite and concrete, not hypothetical or abstract." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037-38 (8th Cir. 2000) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)). The ripeness inquiry requires a court to examine the "fitness of the issues for judicial decision" and

"the hardship to the parties of withholding court consideration." *Id*. at 1038. (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

Procedural questions are for an arbitrator to decide, not a judge. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). Issues that are conditions precedent to arbitrability and other prerequisites such as time limits, notice, laches, and estoppel are for the arbitrators to decide. *Id*. at 85. The arbitrator must ultimately decide whether the dispute is ripe for adjudication. *Milliman, Inc. v. Health Medicare Ultra, Inc.*, 641 F.Supp.2d 113, 119 (D. P.R. Jun. 15, 2009); *see also Albritton v. W.S. Badcock Corp.*, 1:02-CV378-D-D, 1:02-CV379-D-D, 2003 WL 21018636 at *4 (N.D. Miss. Apr. 7, 2003) (finding Supreme Court held procedural questions such as ripeness are for an arbitrator, not for the court); *Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 210 (S.D. Tex. Sept. 26, 2008); *Local Union No. 13417 of the United Steel Workers v. Kan. Gas Serv. Co.*, No. 12-1003-JWL, 2012 WL 1435305 at *7 n. 3 (D. Kan. Apr. 25, 2012); *Int'l Union, United Auto. Aerospace & Agric. Implement Workers of Am. V. Federal-Mogul Corp.*, No. 06-CV-15363-DT, 2007 WL 1888802 at *4 (E.D. Mich. Jun. 29, 2007). Defendants' Motion to Dismiss raises the issue of ripeness of Plaintiffs' Petition. This procedural issue should be decided by the arbitrator.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Donald Brown, Robert Guinn, John Finder, John Hopkin and Brian Jennewein's Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 13] is **DENIED.**

Dated this 14th Day of November, 2014.

　　　　　　　　　　　　　　　　　　*/s/ E. Richard Webber*
　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE