UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN GRANT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14CV01395 ERW |
| ) | |
| DONALD BROWN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiffs' Objections and Motion to Strike [ECF No. 49] and Plaintiffs' Objections and Motion to Strike the Supplemental Affidavit of Defendant Don Brown and Attachments Thereto [ECF No. 58].

I.  **BACKGROUND**

Currently pending is Defendants' Motion for Summary Judgment [ECF No. 39]. In support of their Motion, Defendants attached several exhibits including an affidavit of Don Brown with several attached documents [ECF No. 39-2], an affidavit of Michael Evans with attached deposition transcripts [ECF No. 39-11], a memorandum written by Mike Sudduth [ECF No. 39-7], and a letter written by Greg Campbell [ECF No. 39-8]. Plaintiff objects to the submission of these and moves for them to be stricken from the record as they contain inadmissible evidence. In Defendants' Reply to their Motion for Summary Judgment [ECF No. 53], Defendants attached a supplemental affidavit of Don Brown and additional documents. Plaintiffs move to strike this supplemental affidavit because it was filed in Defendants' Reply depriving Plaintiffs the opportunity to respond.

1

## III.    ANALYSIS

### A.    *Affidavits of Don Brown*

Plaintiffs' object to paragraphs 10, 11, 12, and 13 in Don Brown's affidavit.  In these paragraphs, Don Brown states the Pension Fund has always been a defined benefit plan while the Supplemental Pension Fund has always been a defined contribution plan.  He also states he has been a part of the union construction industry for forty years and in this industry the term "pension benefits" refers to a defined benefit plan and "supplemental pension benefits" refers to a defined contribution plan.  Mr. Brown also states Bricklayers Union Local No. 1 has always interpreted these terms in this manner.  Plaintiffs assert Mr. Brown has not been disclosed as an expert and this is improper lay testimony because it lacks foundation.  Plaintiffs argue the meaning of a contractual term is not in Mr. Brown's personal knowledge and there is no basis for why he is able to speak on behalf of the Union.  Additionally, Plaintiffs state these are legal conclusions, inappropriate for any witness.  Defendants assert the supplemental affidavit resolves any issues because it provides Mr. Brown's history with the Union and the industry.

Only admissible evidence may be used to support or defeat a motion for summary judgment.  *Henthorn v. Capitol Comm'n Inc.*, 359 F.3d 1021, 1026 (8th Cir. 2004).  If a witness is not designated as an expert, an opinion given by the witness is limited to one rationally based on the witness's perception, helpful to understanding the testimony or a fact in issue, and not based on scientific, technical, or specialized knowledge.  Fed. R. Evid. 701.  Mr. Brown has not been designated as an expert witness; thus, his testimony may only be that of a lay witness.

Paragraph 10, in which Mr. Brown states the Pension Fund has always been a defined benefit plan and the Supplemental Pension Fund has always been a defined contribution plan, is proper lay witness testimony.  In Mr. Brown's supplemental affidavit, he states he has been a

part of the Union since 1974.[1] He has personal knowledge of the benefits provided to him during the time he has been a member of the Union.

Paragraph 11, in which Mr. Brown states the industry usage of the terms "pension benefits" and "supplemental pension benefits," is expert testimony and must be stricken. The industry usage of certain terms in written agreements requires specialized knowledge of an expert. If Mr. Brown was to testify as to the usage of the term by union members in his experience, it may qualify as lay testimony. However, Mr. Brown's testimony is the usage of the terms in the construction industry which is outside the scope of lay witness testimony.

Paragraphs 12 and 13 refer to the Union's interpretation of the terms. This testimony does not require Mr. Brown to be an expert, but it does require a proper foundation for Mr. Brown's knowledge and ability to speak on behalf of the Union. In Mr. Brown's supplemental affidavit, he states he has negotiated five collective bargaining units on behalf of the Union, he served as the Business Manager and Chief Executive Officer of the Union from 2000, until 2010, and currently serves as the Director of the Bricklayers Administrative District Council of Eastern Missouri. This is a sufficient foundation for the testimony as to the Union's interpretation of the terms and proper lay opinion testimony.[2]

### B. Affidavit of Mike Evans and Deposition Transcripts

Mike Evans's affidavit simply states the attached deposition transcripts are true and accurate copies. Plaintiffs assert Defendants must attach the certification of the court reporter

---

[1] Plaintiffs argue the supplemental affidavit should be stricken because it was filed with Defendants' Reply to their Motion for Summary Judgment depriving Plaintiff of the chance to respond. However, Plaintiffs have responded in their second motion to strike and could also seek to file a surreply. The Court will consider the arguments raised in Plaintiffs' second motion to strike as part of their response to Defendants' Motion for Summary Judgment. Additionally, Plaintiffs had the chance to address any additional arguments in oral arguments before the Court on Tuesday, May 19, 2015.

[2] This ruling does not suggest this testimony is persuasive nor does it suggest the weight given to this testimony by the Court in considering the issues in Defendants' motion for summary judgment.

pursuant to Federal Rule of Civil Procedure 30(f). This rule requires the court report to certify a deposition in writing and this certification must accompany a record of the deposition. Fed. R. Civ. Pro. 30(f). Defendants have included the court reporters' certifications for the depositions in their response to Plaintiff's motion. The depositions are now properly authenticated and may be considered for summary judgment. *See Thomason v. Randall*, No. 4:12-CV-4155, 2014 WL 7272425 at *1 (W.D. Ark. Dec. 18, 2014).

### C. *Greg Campbell Letter*

Greg Campbell, Fund counsel, was asked by the Trustees to give an opinion on whether plan assets could be used to pay for the expenses of preparing and considering the proposal to change the pension plan. Defendants attached Mr. Campbell's letter, which details the opinion of Fund counsel, to their Motion for Summary Judgment. Plaintiffs assert Mr. Campbell has not been disclosed as an expert witness and the letter contains legal conclusions which are inadmissible. Defendants argue it is immaterial that Mr. Campbell was never identified as an expert because the Trustees sought this opinion and the legal conclusions contained within are admissible because they are incorporated into Defendants' Motion for Summary Judgment.

The letter is entirely a legal opinion and is inadmissible. To give an opinion such as what is contained in the letter, Mr. Campbell needs to be disclosed as an expert, at a minimum. The Court has wide discretion to fashion a remedy for failure to identify a witness in compliance with FRCP 26(a). *Wegener v. Johnson*, 527 F.2d 687, 692 (8th Cir. 2008). Mr. Campbell's letter will be stricken as he has never been disclosed as an expert witness. Any opinions he provides, whether through documents or a deposition, must be that of a lay witness. Defendants seem to be introducing this letter to show the plan is being converted into a hybrid defined contribution/defined benefit plan and an entirely defined contribution plan for new participants.

However, there is no foundation for this conclusion made by Mr. Campbell in the letter. Additionally, the opinions given in the letter are legal conclusions for the Court to decide. *Sparton Corp. v. United States*, 77 Fed. Cl. 1, 7-8 (2007). This letter is not admissible and will not be considered in determining Defendants' Motion for Summary Judgment.

### D. *Mike Sudduth Memorandum*

Attached to Defendants' Motion for Summary Judgment is a memorandum written by Mike Sudduth listing items to consider from an actuarial perspective for the proposed Amendment to the Pension Plan. Plaintiffs assert Mike Sudduth has not been disclosed as an expert as required for this memorandum to be admissible. Additionally, Plaintiffs contend this memorandum contains hearsay and legal opinions. Defendants' response is the Trustees requested this memorandum, Mr. Sudduth is qualified to be an expert, and any hearsay is absolved because he reaffirmed his opinions in his deposition.

An expert witness must be disclosed pursuant to FRCP 26(a)(2). An expert who has not been disclosed may not testify, no matter his qualifications. This memorandum lists considerations Mr. Sudduth recommends the Trustees consider with this proposal. It is not based on personal knowledge of the facts in question or perception. It is the opinions of an expert. This memorandum will be stricken.

Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiffs' Objections and Motion to Strike [ECF No. 49] is **GRANTED, in part, and DENIED, in part**.

      **IT IS FURTHER ORDERED** that Plaintiffs' Objections and Motion to Strike the Supplemental Affidavit of Defendant Don Brown and Attachments Thereto [ECF No. 58] is **DENIED.**

So Ordered this 22nd Day of June, 2015.

                                              **E. RICHARD WEBBER**
                                              **SENIOR UNITED STATES DISTRICT JUDGE**